### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRO-HITTER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and<br>AMAZON.COM SERVICES, LLC,<br><br>Defendants. | Case No.: 7:20-cv-07537-KMK |

### ANSWER AND ADDITIONAL DEFENSES OF
### AMAZON.COM, INC. AND AMAZON.COM SERVICES, LLC

Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"), by and through their attorneys, answer the complaint of Plaintiff Pro-Hitter Corporation ("Pro-Hitter") as follows.

### NATURE OF THE CASE

1. Amazon admits that the Complaint alleges claims purporting to arise under the Lanham Act. Amazon further admits that the Complaint alleges claims purporting to arise under statutory and common law unfair competition under the laws of the state of New York.

2. To the extent the allegations of the first sentence of Paragraph 2 consist of legal conclusions, they require no admission or denial. Except as expressly admitted, Amazon denies the allegations of that sentence. Amazon lacks information or knowledge sufficient to form a belief about the allegations of the second sentence of Paragraph 2, and on that basis denies them.

3. To the extent the allegations of Paragraph 3 consist of legal conclusions, they require no admission or denial. Except as expressly admitted, Amazon denies the allegations of Paragraph 3.

4.	To the extent the allegations of Paragraph 4 consist of legal conclusions, they require no admission or denial.  Except as expressly admitted, Amazon denies the allegations of Paragraph 4.

## THE PARTIES

5.	Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 5, and on that basis denies them.

6.	Amazon admits the allegations of Paragraph 6.

7.	Amazon admits the allegations of Paragraph 7.

## JURISDICTION AND VENUE

8.	Amazon admits that the Complaint alleges claims purporting to arise under the Lanham Act, and that this Court has jurisdiction over Lanham Act claims per 28 U.S.C. §§ 1331 and 15 U.S.C. § 1121.  Amazon further admits that the Complaint purports to allege claims over which the Court would have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  Except as expressly admitted, Amazon denies the allegations of Paragraph 8.

9.	 Amazon consents to the Court's personal jurisdiction for the purposes of this action only.  To the extent the allegations of Paragraph 9 consist of legal conclusions, they require no admission or denial.  Except as expressly admitted, Amazon denies the allegations of Paragraph 9.

10.	Amazon consents to the Court's personal jurisdiction and venue for the purposes of this action only.  To the extent the allegations of Paragraph 10 consist of legal conclusions, they require no admission or denial.  Except as expressly admitted, Amazon denies the allegations of Paragraph 10.

**FACTUAL ALLEGATIONS**

11. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 11, and on that basis denies them.

12. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 12, and on that basis denies them.

13. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 13, and on that basis denies them.

14. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 14, and on that basis denies them.

15. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 15, and on that basis denies them.  To the extent the allegations of Paragraph 15 consist of legal conclusions, they require no admission or denial.

16. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 16, and on that basis denies them.  To the extent the allegations of Paragraph 16 consist of legal conclusions, they require no admission or denial.

17. Amazon admits that some of Plaintiff's batting aids are sold on Amazon.com.  Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 17, and on that basis denies them.

18. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 18, and on that basis, denies them.

19. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 19, and on that basis, denies them.

20. To the extent the allegations of Paragraph 20 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 20, and on that basis denies them.

21. Amazon admits that it is among the world's largest internet-based e-ecommerce businesses and that it has substantial revenues and a large number of employees. Exhibits E through I speak for themselves. To the extent the allegations of Paragraph 21 consist of legal conclusions, they require no admission or denial. Except as expressly admitted, Amazon denies the allegations of Paragraph 21.

22. Amazon admits that it sells products, including Amazon-branded products and third-party products, to subscribers and consumers using the www.amazon.com website, and that when a shopper purchases a product offered as "Ships from and sold by Amazon.com Services LLC," Amazon is the seller and shipper of that product unit and receives payment for it. Except as expressly admitted, Amazon denies the allegations of Paragraph 22.

23. Amazon admits that it sells products on its website through its Amazon Renewed program. Exhibit J speaks for itself. Except as expressly admitted, Amazon denies the allegations of Paragraph 23.

24. Amazon admits that it sells products on its website through its Amazon Warehouse program. Exhibit K speaks for itself. Except as expressly admitted, Amazon denies the allegations of Paragraph 24.

25. Amazon admits that it sells products on its website through its Fulfilment By Amazon program, and that products sold FBA typically require barcodes to identify and track inventory. Exhibits L & M speak for themselves. Except as expressly admitted, Amazon denies the allegations of Paragraph 25.

26. Amazon admits that it assigns ASINs to products sold on Amazon. Exhibit N speaks for itself. Except as expressly admitted, Amazon denies the allegations of Paragraph 26.

27. Amazon admits that some third-party sellers offer products on Amazon's website that those third-party sellers ship and sell themselves, without Amazon coming into contact with those product units. Amazon denies the characterization of third-party sellers as partners. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 27, and on that basis denies them.

28. Amazon denies the allegations of Paragraph 28.

29. Amazon admits that it takes seriously the issue of counterfeiting. Exhibit I speaks for itself. To the extent the allegations of Paragraph 29 consist of legal conclusions, they require no admission or denial. Except as expressly admitted, Amazon denies the allegations of Paragraph 29.

30. To the extent the allegations of Paragraph 30 consist of legal conclusions, they require no admission or denial. Except as expressly admitted, Amazon denies the allegations of Paragraph 30.

31. To the extent the allegations of Paragraph 31 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the allegations in the fifth and sixth sentences of Paragraph 31, and on that basis denies them. Except as expressly admitted, Amazon denies the allegations of Paragraph 31.

32. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 32, and on that basis denies them.

33. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 33, and on that basis denies them.

34. To the extent the allegations of Paragraph 34 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 34.

35. To the extent the allegations of Paragraph 35 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the allegations in the first sentence of Paragraph 35, and on that basis denies them. Amazon denies the remaining allegations of Paragraph 35.

36. To the extent the allegations of Paragraph 36 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 36.

37. Amazon admits that Pro-Hitter received an email from a representative of Amazon Business Customer Service (a customer service option for business *customers*, not for brand owners of products sold on Amazon's website) on March 6, 2020 and subsequently, on March 17, 2020, opened a case with Amazon's Brand Registry. Amazon admits that, as reflected on pages 4-5 of Exhibit O, a representative from Amazon Brand Registry Support promptly emailed Pro-Hitter about the case it had opened, directed Pro-Hitter to "submit an official notice through the Report Infringement form available through amazon.com . . . include[ing] all requested information, including the ASIN, seller name, and information about any related test buys," so "[Amazon's] investigators [could] examine, take appropriate action, and follow-up with [Pro-Hitter] directly." Amazon further admits that, as reflected in Exhibit O, this email from a Brand Registry Support representative expressly noted that "this e-mail was sent from a notification-only address that cannot accept incoming e-mail," thus directed Pro-Hitter, "[p]lease do not reply to this message," and directed Pro-Hitter instead, that "[t]o contact us again about this issue, please access your case using the link shown below." Because Pro-Hitter never filed any official notice through the Report Infringement form as directed, and never

contacted Amazon again using the link provided in this email, Amazon denies that it ever received any further communication from Pro-Hitter or failed ever to respond to any communication from Pro-Hitter.  Specifically, Amazon denies that it ever received, or could receive any of the purported emails Pro-Hitter alleges it sent to the notification-only email address that Amazon's Brand Registry Support representative expressly advised Pro-Hitter not to email.  Exhibits M and O speak for themselves.  Except as expressly admitted, Amazon denies the allegations of Paragraph 37.

   38. To the extent the allegations of Paragraph 38 consist of legal conclusions, they require no admission or denial.  With respect to the allegations regarding the test buy on August 7, 2020, Amazon lacks information or knowledge sufficient to form a belief, and on that basis denies the allegations.  Amazon denies the remaining allegations of Paragraph 38.

   39.  Amazon admits that it is a source of genuine Pro-hitter batting aids.  To the extent the allegations of Paragraph 39 consist of legal conclusions, they require no admission or denial.  Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 39, and on that basis denies them.

   40. Amazon admits that it has purchased tens of thousands of genuine Pro-Hitter products from Markwort Sporting Goods Company.  Amazon denies the remaining allegations of Paragraph 40.

   41. To the extent the allegations of Paragraph 41 consist of legal conclusions, they require no admission or denial.  Amazon denies the remaining allegations of Paragraph 41.

   42. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 42, and on that basis denies them.

43. Amazon lacks information or knowledge sufficient to form a belief about the allegations of Paragraph 43, and on that basis denies them.

44. To the extent the allegations of Paragraph 44 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 44.

45. To the extent the allegations of Paragraph 45 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 45, and on that basis denies them.

46. To the extent the allegations of Paragraph 46 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 46.

47. To the extent the allegations of Paragraph 47 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 47, and on that basis denies them.

48. To the extent the allegations of Paragraph 48 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 48, and on that basis denies them.

49. To the extent the allegations of Paragraph 49 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 49, and on that basis denies them.

50. To the extent the allegations of Paragraph 50 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 50, including because there is no factual or legal basis for Pro-Hitter's allegation of knowing and willful conduct.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting – 15 U.S.C. §§ 1114 and 1116)

51. Amazon incorporates by reference its answers to all preceding paragraphs. To the extent the allegations of Paragraph 51 consist of legal conclusions, they require no admission or denial.

52. To the extent the allegations of Paragraph 52 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 52.

53. To the extent the allegations of Paragraph 53 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 53.

54. To the extent the allegations of Paragraph 54 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 54, including because there is no factual or legal basis for Pro-Hitter's allegation of knowing, deliberate, and willful conduct.

55. To the extent the allegations of Paragraph 55 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 55.

56. To the extent the allegations of Paragraph 56 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 56.

57. To the extent the allegations of Paragraph 57 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 57.

58. To the extent the allegations of Paragraph 58 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 58.

59. To the extent the allegations of Paragraph 59 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 59.

## SECOND CLAIM FOR RELIEF
**(Trademark Infringement - 15 U.S.C. § 1114)**

60. Amazon incorporates by reference its answers to all preceding paragraphs. To the extent the allegations of Paragraph 60 consist of legal conclusions, they require no admission or denial.

61. To the extent the allegations of Paragraph 61 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 61.

62. To the extent the allegations of Paragraph 62 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 62.

63. To the extent the allegations of Paragraph 63 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 63, including because there is no factual or legal basis for Pro-Hitter's allegation of knowing, deliberate, and willful conduct.

64. To the extent the allegations of Paragraph 64 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 64.

65. To the extent the allegations of Paragraph 65 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 65.

66. To the extent the allegations of Paragraph 66 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 66.

67. To the extent the allegations of Paragraph 67 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 67.

68. To the extent the allegations of Paragraph 68 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 68.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition - 15 U.S.C. § 1125(a)(1)(A))

69. Amazon incorporates by reference its answers to all preceding paragraphs. To the extent the allegations of Paragraph 69 consist of legal conclusions, they require no admission or denial.

70. To the extent the allegations of Paragraph 70 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 70, and on that basis denies them.

71. To the extent the allegations of Paragraph 71 consist of legal conclusions, they require no admission or denial. Amazon lacks information or knowledge sufficient to form a belief about the remaining allegations of Paragraph 71, and on that basis denies them.

72. To the extent the allegations of Paragraph 72 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 72.

73. To the extent the allegations of Paragraph 73 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 73, including because there is no factual or legal basis for Pro-Hitter's allegation of knowing, willful, and intentional conduct.

74. To the extent the allegations of Paragraph 74 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 74.

75. To the extent the allegations of Paragraph 75 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 75.

76. To the extent the allegations of Paragraph 76 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 76.

77. To the extent the allegations of Paragraph 77 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 77.

78. To the extent the allegations of Paragraph 78 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 78.

**FOURTH CLAIM FOR RELIEF**
**(Deceptive Trade Practices - N.Y. Gen. Bus. § 349 et seq.)**

79. Amazon incorporates by reference its answers to all preceding paragraphs. To the extent the allegations of Paragraph 79 consist of legal conclusions, they require no admission or denial.

80. To the extent the allegations of Paragraph 80 consist of legal conclusions, they require no admission or denial.

81. To the extent the allegations of Paragraph 81 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 81.

82. To the extent the allegations of Paragraph 82 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 82.

83. To the extent the allegations of Paragraph 83 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 83.

**FIFTH CLAIM FOR RELIEF**
**(Common-Law Trademark Infringement and Unfair Competition)**

84. Amazon incorporates by reference its answers to all preceding paragraphs. To the extent the allegations of Paragraph 84 consist of legal conclusions, they require no admission or denial.

85. To the extent the allegations of Paragraph 85 consist of legal conclusions, they require no admission or denial. Amazon denies the remaining allegations of Paragraph 85.

86. To the extent the allegations of Paragraph 86 consist of legal conclusions, they require no admission or denial.  Amazon denies the remaining allegations of Paragraph 86, including because there is no factual or legal basis for Pro-Hitter's allegation of intentional conduct.

87. To the extent the allegations of Paragraph 87 consist of legal conclusions, they require no admission or denial.  Amazon denies the remaining allegations of Paragraph 87.

88. To the extent the allegations of Paragraph 88 consist of legal conclusions, they require no admission or denial.  Amazon denies the remaining allegations of Paragraph 88.

89. To the extent the allegations of Paragraph 89 consist of legal conclusions, they require no admission or denial.  Amazon denies the remaining allegations of Paragraph 89.

## REQUEST FOR RELIEF

Amazon denies that Pro-Hitter is entitled to any of the relief it seeks through its Complaint.

## ADDITIONAL DEFENSES

Amazon asserts the following additional defenses to the Complaint.  Amazon does not assume the burden of proof when the burden of proof on any issue otherwise rests with Pro-Hitter.  Amazon expressly reserves the right to amend its Answer and Additional Defenses as information becomes available or is otherwise discovered.

### First Additional Defense

Pro-Hitter fails to state a claim upon which relief can be granted.

### Second Additional Defense

Pro-Hitter's claims fail to the extent they allege infringing sales by third-party sellers because those third parties are necessary or indispensable under Federal Rule of Civil Procedure 19, and the Complaint fails to name them.

### Third Additional Defense

Pro-Hitter is not entitled to an injunction because, at a minimum, it has suffered no irreparable injury, and it has adequate remedies at law.

### Fourth Additional Defense

To the extent Pro-Hitter has suffered any damages, such damages were not caused by Amazon.

### Fifth Additional Defense

To the extent Pro-Hitter has suffered any damages, such damages are barred or limited by Pro-Hitter's failure to timely mitigate.

### Sixth Additional Defense

Pro-Hitter's claims are barred by laches, estoppel, waiver, acquiescence, ratification and/or unclean hands.

### RELIEF SOUGHT

Amazon asks that the Court enter a judgment against Pro-Hitter as follows:

A. Denying all relief Pro-Hitter requests in its Complaint;

B. Rendering judgment for Amazon;

C. Finding that Amazon has not infringed, directly or indirectly, any Pro-Hitter mark, and that Amazon is not liable for any state law claims asserted in the Complaint; and

D. Awarding Amazon any other relief the Court deems just and proper under the circumstances.

DATED:  November 6, 2020                    */s/ Nathan Shafroth*
                                                            Nathan Shafroth (admitted *pro hac vice*)
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
415-591-7053
nshafroth@cov.com

Christopher Y.L. Yeung
Covington & Burling LLP
New York Times Building
620 Eighth Avenue, Suite 4026
New York, NY 10018
(212) 841-1262
cyeung@cov.com

Robert Hunziker (admitted *pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5720
rhunziker@cov.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services, LLC*