UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRO-HITTER CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC. AND<br>AMAZON.COM SERVICES, LLC,<br><br>　　　　　Defendants. | Case No.: 7:20-cv-07537-KMK |

## **<u>CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

The parties to the above-captioned action (the "Action") intend to disclose information for which special protection from public disclosure and from use for any purpose other than prosecuting and/or defending this action is warranted under Federal Rule of Civil Procedure 26(c). To protect against the improper use and/or disclosure of such information, Plaintiff Pro-Hitter Corporation and Defendants Amazon.com, Inc. and Amazon.com Services LLC (each a "Party," and collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree to, and ask the Court to so order, the following Confidentiality Agreement and Protective Order, as follows:

　　　1.　　"Confidential Information," whether marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," is that which the designating party in good faith believes constitutes or contains non-public, confidential business or financial information, trade secrets, or other private or commercially sensitive information. When a Party or non-party produces or provides documents that it reasonably believes contain Confidential Information, such Party or non-party (hereinafter, the "Designating Party") shall stamp all such documents with the words "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" on

each page, and such documents shall thereafter be protected under this Confidentiality Agreement and Protective Order.

2. Information or materials may be designated "CONFIDENTIAL" if the Designating Party has a good-faith belief that the item so designated constitutes or contains non-public, confidential business or financial information, trade secrets, or other private or commercially sensitive information. Information or materials may be designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the Designating Party has a good faith belief that the item so designated meets the aforementioned requirements and the disclosure of the item to the employees, agents, or representatives of another Party or non-party (other than those persons identified as "Qualified Persons" in Paragraph 8 below) would prejudice the current or prospective business dealings of the Designating Party. All Confidential Information containing the designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be kept in a secure facility or database, and access to the Confidential Information shall be permitted by the receiving party's outside counsel only to those designated as Qualified Persons, defined in Paragraph 8 below. No other Party or non-party (including its respective employees or its representatives) may have access to any "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information while such designation is in force.

3. The inadvertent production of any document, material, or information without the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" designation shall not operate as a waiver of the material's confidential status, so long as any such inadvertent production is brought to the attention of all receiving parties by counsel for the Designating Party promptly after discovery of the inadvertent failure to so designate the material at the time of production.

4. Should any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the same under this Confidentiality Agreement and Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Confidentiality Agreement and Protective Order. Specifically, the disclosing party shall: (a) promptly inform such person of all the provisions of this Confidentiality Agreement and Protective Order; and (b) identify such person immediately to the Designating Party.

5. If any Party: (a) is subpoenaed in another action; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a party to this action seeking material that was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by someone other than that Party, the Party (a) shall give prompt written notice, by hand or email, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Designating Party, and (b) shall object to its production by setting forth the existence of this Confidentiality Agreement and Protective Order. Should the person seeking access to the material take action against the Party or anyone else covered by this Confidentiality Agreement and Protective Order to enforce such a subpoena, demand, or other legal process, it shall be the responsibility of the Designating Party to intervene and respond. Nothing herein shall be construed as requiring the Party served with the subpoena, demand, or other legal process, or anyone else covered by this Confidentiality Agreement and Protective Order, to challenge or appeal any order requiring production of material covered by the Confidentiality Agreement and Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

6.  A Party or non-party may designate testimony (or portions thereof) provided in a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Confidentiality Agreement and Protective Order by written notice to the reporter and all counsel of record provided within thirty (30) days after the final deposition transcript is received by the Designating Party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party. Until expiration of that thirty (30) day period, the entire deposition will be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Confidentiality Agreement and Protective Order. If no Party or non-party timely designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" any material provided in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions, and all copies of those portions, shall be treated as designated Confidential Information pursuant to the terms of this Confidentiality Agreement and Protective Order. Deposition exhibits will be treated according to the designations already applied to them (*e.g.*, a document designated in production as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" will receive that treatment regardless of whether used as a deposition exhibit).

7.  Except by prior written consent of the Designating Party or by order of the Court, documents, material, or information (including portions of deposition transcripts) received from a Party or non-party and designated "CONFIDENTIAL" may be disclosed or made available by the receiving party (or their respective counsel) only to the following:

   a.  The Parties, including such officers, directors, or employees of the receiving party to whom disclosure is reasonably necessary in order to prosecute, defend, or evaluate each Party's claims and defenses;

4

b. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

c. During a deposition, the deponent and any attorneys for the deponent, except that such persons may not retain any such materials after the deposition, unless otherwise agreed to by the Designating Party or ordered by the Court;

d. During a hearing or trial, a witness and any attorneys for the witness, except that such persons may not retain any such materials after the hearing or trial, unless otherwise agreed to by the Designating Party or ordered by the Court.

e. The Court and its personnel;

f. Counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

g. Outside counsel for the Parties, serving in a quasi-in-house role, who do not have competitive decision-making authority, provided that such persons have signed the Confidentiality Agreement attached hereto as Exhibit A;

h. Court reporters, stenographers, or videographers utilized in this Action;

i. Any expert or consultant engaged or consulted in this Action;

j. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions;

k. Jury consultants or trial consultants involved solely in providing litigation support services to the counsel of record, provided that such persons have signed the Confidentiality Agreement attached hereto as Exhibit A; and

l. Any other person as agreed to by the Parties or ordered by the Court, provided that such persons have signed the Confidentiality Agreement attached hereto as Exhibit A.

8. Except by prior written consent of the Designating Party or by order of the Court, documents, material, or information (including portions of deposition transcripts) designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be disclosed or made available only to "Qualified Persons." A Qualified Person is a person who falls into one of the categories set forth below:

a. During a deposition, the deponent and any attorneys for the deponent, provided that the deponent is the author or recipient of the document or an employee or affiliate of the Designating Party, except that such persons may not retain any such materials after the deposition, unless otherwise agreed to by the Designating Party or ordered by the Court;

b. During a hearing or trial, a witness and any attorneys for the witness, provided that the witness is the author or recipient of the document or an employee or affiliate of the Designating Party, except that such persons may not retain any such materials after the hearing or trial, unless otherwise agreed to by the Designating Party or ordered by the Court.

c. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

d. Counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

e. The Parties' in-house litigation counsel who do not have competitive decision-making authority, and the paralegal(s) and clerical and secretarial staff who work in the Parties' respective in-house legal departments;

f. Outside counsel for the Parties, serving in a quasi-in-house role, who do not have competitive decision-making authority, provided that such persons have signed the Confidentiality Agreement attached hereto as Exhibit A;

g. The Court and its personnel;

h. Court reporters, stenographers, or videographers utilized in this Action;

i. Any expert or consultant engaged or consulted in this Action

j. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions;

k. Jury consultants or trial consultants involved solely in providing litigation support services to the counsel of record, provided that such persons have signed the Confidentiality Agreement attached hereto as Exhibit A; and

l. Any other person as agreed to by the parties or ordered by the Court, provided that such persons have signed the Confidentiality Agreement attached hereto as Exhibit A.

9. All Confidential Information received in this Action shall be used by the person(s) receiving it only for the purposes of preparing for and conducting this Action. It may not be used for any other purpose, including any competitive purpose.

10. Nothing in this Confidentiality Agreement and Protective Order shall limit or otherwise impede a Designating Party's use of its own Confidential Information in connection with this Action or otherwise.

11. Prior to the disclosure of a Designating Party's Confidential Information to any person identified in Paragraphs 7(g), (k), 7(l), 8(f), (k), or 8(l), any such person shall agree to be bound by the terms of this Confidentiality Agreement and Protective Order by signing the Confidentiality Agreement attached as Exhibit A.

12. Confidential Information designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may not be shown to any person other than the Qualified Persons listed in Paragraph 8. Notwithstanding the foregoing, Plaintiff's Counsel may share high-level summaries of Confidential Information designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by Amazon with Philip LoMedico, Chief Executive Officer at Pro-

7

Hitter Corp., provided that Mr. LoMedico has signed the Confidentiality Agreement attached hereto as Exhibit A, beginning one month before trial, and in the month before any mediation or other formal settlement-related conference, for purposes of preparing for and conducting this Action. Such high-level summaries may share summary or aggregate purchase and sales data, but not line item data.

13. Any pleading, motion, brief, appendix, or other paper containing Confidential Information of a Party or non-party (other than the Party filing such paper) shall be filed under seal in accordance with the applicable Court rules and/or orders.

14. Should the need arise for any Party or non-party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or non-party shall notify the Designating Party of the need to do so before disclosing such Confidential Information and may so disclose such information only after taking such steps as the Court, upon the motion of the Designating Party, shall deem necessary to preserve the confidentiality of such Confidential Information. Use of Confidential Information at a hearing or trial shall not destroy, or waive, the confidential nature of such information.

15. Nothing herein shall be construed as a concession by either party of the relevance or lack of relevance of any information or documents or to require either party to produce information or documents that it contends to be privileged or otherwise non-discoverable.

16. In the event that a Party has an objection to a confidentiality designation, counsel for the objecting Party shall notify counsel for the Designating Party in writing of the objection and the basis therefor. If the parties cannot resolve the dispute among themselves, then the parties shall follow the discovery dispute procedures set forth in the Court's January 4, 2021 order. *See* Dkt. 35. While the Court considers the dispute, the document or information in question shall be treated as Confidential Information and subject to the provisions of this Confidentiality Agreement and Protective Order.

17. Inadvertent production of material protected by and subject to the attorney-client privilege, work product protection, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of such protected material shall be handled as follows, but is without prejudice to the right of any Party or non-party to apply to the Court for further protection or disclosure relating to discovery:

    a. Immediately after receiving written notice from the producing party that material subject to the attorney-client privilege, work product protection, or otherwise immune from discovery has been inadvertently produced, the receiving party shall not copy or disseminate such material, and, subject to paragraph (b) below, the receiving party shall return or confirm destruction of such material and any copies to the producing party as soon as possible but not later than within seven (7) days;

    b. Upon written notification by the producing party of an inadvertent production and request for return or destruction of all originals and copies, the receiving party shall return or destroy the inadvertently produced material, and certify in writing to the destruction of all copies thereof, within seven (7) days of receiving the producing party's written request for return, unless the receiving party has a good-faith basis for asserting that the material is not protected by any privilege or immunity. If the receiving party believes it has a good-faith basis for challenging the privilege or immunity claim, the receiving party may retain one copy of the material until ordered by the Court to return or destroy it, but must return or confirm to the producing party destruction of all other copies of the material within seven (7) days. Within seven (7) days after receipt of the producing party's request for return, counsel for the receiving party shall provide counsel for the producing party with a written explanation of the good-faith basis for its

9

assertion that the material is not protected by any privilege or immunity. If the producing party does not accept the receiving party's explanation, the producing party shall follow the discovery dispute procedures set forth in the Court's January 4, 2021 order. *See* Dkt. 35. Failure of the producing party to timely submit its dispute to the Court waives any claim of privilege or immunity as to the inadvertently produced material at issue.

    c.    Once inadvertently produced material has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial, or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Confidentiality Agreement and Protective Order, failure to provide notice with the three (3) week period shall constitute a waiver of any and all applicable privileges or immunities with respect to the inadvertently produced material only.

18.    Within forty-five (45) days of termination of this Action, including all appeals, the Parties shall destroy or return to opposing counsel all documents or material designated as Confidential Information that it received from the Designating Party, and all copies thereof; provided, however, that counsel for the Parties shall be permitted to keep copies of documents or material designated as Confidential Information as may have been marked as deposition exhibits and/or exhibits to any motion, pleadings, or other court documents, as well as work product and expert reports referencing or containing Confidential Information on an attorney's eyes only confidential basis. A Party that elects to destroy, rather than return, Confidential Information pursuant to this paragraph shall certify in writing to the Designating Party that it has done so.

19.    The provisions of this Confidentiality Agreement and Protective Order shall survive any settlement, judgment, or other disposition or conclusion of this Action, and all appeals

therefrom, and the Court handling this Action shall retain continuing jurisdiction in order to enforce the terms of this Confidentiality Agreement and Protective Order.

20. In the event of a breach of this Confidentiality Agreement and Protective Order, the non-breaching party shall be entitled to pursue any available remedy at law or equity.

21. Once executed by the parties, this Confidentiality Agreement and Protective Order shall be binding on them as a matter of contract, irrespective of whether and when the Court also executes the Confidentiality Agreement and Protective Order.

22. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: May 25, 2021

By: */s/ Jared B. Briant*
Jared B. Briant (admitted *pro hac vice*)
Alexandra Lakshmanan (*pro hac vice*)
Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Phone: (303) 607 3500
Facsimile: (303) 607 3600
jared.briant@faegredrinker.com
allie.lakshmanan@faegredrinker.com

Sandra D. Grannum
Lucas B. Michelen
Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Phone: (212) 248-3140
Facsimile: (212) 248-3141
sandra.grannum@faegredrinker.com
lucas.michelen@faegredrinker.com

Brianna L. Silverstein
Faegre Drinker Biddle & Reath LLP
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Phone: (202) 842 8800

By: */s/ William E. O'Neil*
Nathan Shafroth (admitted *pro hac vice*)
Majid Waheed (admitted *pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
(415) 591-7053
nshafroth@cov.commwaheed@cov.com
Robert Hunziker (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5720
rhunziker@cov.com

William E. O'Neil
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1103
woneil@cov.com

11

Facsimile: (202) 842 8465  
brianna.silverstein@faegredrinker.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

*Attorneys for Plaintiff Pro-Hitter Corporation*

IT IS SO ORDERED this 26th day of May, 2021.

_____  
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRO-HITTER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. AND<br>AMAZON.COM SERVICES, LLC,<br><br>Defendants. | Case No.: 7:20-cv-07537-KMK |

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality Agreement and Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York, in matters relating to enforcement of the Confidentiality Agreement and Protective Order and understands that the terms of the Confidentiality Agreement and Protective Order obligate him/her to use documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in accordance with the Confidentiality Agreement and Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly or indirectly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Agreement and Protective Order may result in penalties for contempt of court.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____

_____

_____
**Signature**

**Date:** _____